UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE FRANKLIN ONLEY,<br><br>  Plaintiff,<br><br>  v.<br><br>A. SARKISYAN, et al.,<br><br>  Defendants. | No. 2:22-cv-02201-EFB (PC)<br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint (ECF No. 1), he also filed an application to proceed in forma pauperis (ECF No. 2). The court will grant his application and screen the complaint.

<u>Application to Proceed in Forma Pauperis</u>

The court has reviewed plaintiff's application and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

<u>Screening Standards</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

1

§ 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## Screening Order

Plaintiff alleges that after completing a bowel movement in his cell toilet on April 25, 2022, the toilet would not flush and the sink would not work. ECF No. 1 at 3. That morning, plaintiff informed defendants Sarkisyan and Torres of the problem. *Id.* They told plaintiff they

would "hit the button inside the chase" to see if that would fix the problem. *Id.* Around noon, Sarkisyan and Torres came to plaintiff's cell but were unable to solve the problem. *Id.* Sarkisyan told plaintiff he would put a work order in that day. *Id.* A response to plaintiff's administrative appeal on the issue states that "[o]nce Officer Sarkisyan was made aware of [plaintiff's] broken toilet he submitted a work order that was processed by Plant Operations Department on April 26, 2022." *Id.* at 16. Plaintiff relies on this statement to allege that Sarkisyan waited a day to put in the work order and thus, "acted with deliberate indifference to a basic human need." *Id.* at 4, 5.

That evening, officers Ochoa and Valverde demanded that plaintiff accept a cellmate. *Id.* at 4. Plaintiff explained that his toilet was full of feces and that neither the toilet nor the sink were operable. *Id.* Ochoa and Valverde insisted that plaintiff accept the cellmate. *Id.* Plaintiff refused. *Id.* Ochoa and/or Valverde then issued plaintiff a rules violation report (RVR) for refusing assigned housing. *Id.* Plaintiff alleges defendants issued the RVR because he complained about his cell. *Id.* at 6. Plaintiff also alleges they were deliberately indifferent to a serious risk of substantial harm by not helping him with the plumbing issues. *Id.*

Eight days later, on May 3, 2022, a plumber finally fixed the plumbing issues in plaintiff's cell. *Id.* at 5-6. Plaintiff alleges that during these eight days, he "was subjected to unsanitary conditions that [included] lack of access to a working toilet and sink, constant and close exposure to [his] own accumulating urine and feces all the while sleeping and eating all of [his] meals in close proximity . . . ." *Id.* at 6.

The court first addresses plaintiff's allegations suggesting that Ochoa and/or Valverde's issuance of a RVR for refusing a cellmate was in retaliation for plaintiff's complaints about his cell. A First Amendment retaliation claim requires a showing that a defendant took adverse action against a plaintiff because the plaintiff engaged in conduct that is protected by the First Amendment. *See Rhodes v. Robinson,* 408 F.3d 559, 567-568 (9th Cir. 2005). Here, plaintiff admits to refusing a cellmate, the conduct for which the RVR was issued. None of the allegations suggest that plaintiff's complaint about his cell is what motivated defendants to issue the RVR. Accordingly, any First Amendment retaliation claim is dismissed with leave to amend.

/////

Plaintiff's remaining allegations concern the unsanitary conditions in the narrow confinement of his cell for eight days. "[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995). To show a violation of the Eighth Amendment, however, plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to him. That is, a prison official must have a "sufficiently culpable state of mind," and act with "deliberate indifference to inmate health or safety . . . ." *Farmer v. Brennan*, 511 U.S. 825, 834, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Id.* at 835. Although plaintiff alleges that none of the defendants put in a work order on the day he complained of the plumbing issues, the complaint demonstrates, at worst, that a work order was submitted by the next day. This leaves unexplained the remaining seven days. But there are no allegations showing that any named defendant caused, contributed, or even knew about the subsequent delay in getting the plumbing problem resolved. Under these circumstances, plaintiff has not shown that any defendant herein acted with the requisite deliberate indifference for an Eighth Amendment claim. Accordingly, plaintiff's Eighth Amendment claims are also dismissed with leave to amend.

<u>Leave to Amend</u>

Plaintiff's complaint is dismissed with leave to amend. If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights. The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.

<u>Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;
3. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30 days of service of this order; and
4. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

DATED: March 30, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE